**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                    **CAUSE NUMBER: 3:24-cr-152-JDM-RP**

**YOHANNES TEKIE GEBREZGHI**

**ORDER DENYING
MOTION FOR NEW TRIAL**

On September 26, 2023, while driving a California-plated Toyota 4Runner through Union County, Mississippi, convicted felon Yohannes Tekie Gebrezghi was stopped by the Mississippi Highway Patrol.  The SUV's marijuana smell led to a search that revealed thirteen firearms hidden inside the vehicle's doors and rear hatch.  Gebrezghi was arrested and later indicted on three firearm-related charges.[1]  After a two-day trial, the jury found Gebrezghi guilty on all three counts.

Gebrezghi has filed a Motion for New Trial under Federal Rule of Criminal Procedure 33. [103]  Though he cites no specific errors, he claims he was deprived of a fair trial, resulting in a miscarriage of justice.  He contends the Court must set aside the jury's verdict and grant him a new trial.

But "[o]rdering a new trial is no small matter[.]"  *United States v. Meyer*, 63 F.4th 1024, 1039 (5th Cir. 2023).  Indeed, "[f]or a district court to disturb a jury's verdict and order a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of

---

[1] Count One – Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8); Count Two – Traveling with Intent to Unlawfully Deal Firearms, in violation of 18 U.S.C. § 924(n); and Count Three – Unlawful Receipt of a Firearm/Firearm Trafficking, in violation of 18 U.S.C. § 933(a)(2).

justice to let the verdict stand." *Id.* (quoting *United States v. Reagan*, 725 F.3d 471, 481 (5th Cir. 2013)).

There is no miscarriage of justice in allowing the jury's verdict to stand. Far from preponderating against the verdict, the evidence overwhelmingly established Gebrezghi's guilt. A dashcam video of the traffic stop gave jurors a bird's eye view of the thirteen hidden firearms. And messages and photos—extracted from his phone found in the SUV—discussed him selling and conveying pictures of the exact same guns seized from his vehicle. The jury also heard credible 404(b) evidence about Gebrezghi's similar past firearm dealing. And a copy of a judgment certifying his past felony convictions for felon in possession of a firearm and firearm trafficking was admitted. So the jury was aware Gebrezghi knew he could not possess, sell, or receive firearms. The jury also heard expert testimony about the guns recovered and their travel through interstate commerce.

The Motion for New Trial [103] is **DENIED.**

Defendant Yohannes Tekie Gebrezghi shall be sentenced on October 22, 2026, at 11:00 AM in Oxford Courtroom 3 West.

**SO ORDERED**, this the 13th day of August 2026.

 /s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI