**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                    **CASE NUMBER: 3:24-cr-152-JDM-RP**

**YOHANNES TEKIE GEBREZGHI**

**ORDER DENYING MOTION
FOR JUDGMENT OF ACQUITTAL**

After a two-day trial, a jury convicted Yohannes Tekie Gebrezghi of three firearm-related offenses.[1]  Aggrieved, he generally attacks his convictions in a motion for judgment of acquittal.[2] The evidence—which must be viewed in the government's favor—included a pile of firearms found in Gebrezghi's rental vehicle, a video showing the firearms seizure, law enforcement testimony, copies of his prior felony convictions, and text messages detailing his coast-to-coast gun running activity.  Considering this and drawing all reasonable inferences favoring the verdict, a rational jury certainly could have found the elements of the crimes beyond a reasonable doubt. Thus, Gebrezghi's Motion for Judgment of Acquittal [104] is DENIED.

---

[1] Count One – Possession of a Firearm by a Convicted Felon, Count Two – Traveling with Intent to Unlawfully Deal Firearms, Count Three – Unlawful Receipt of a Firearm/Firearm Trafficking.

[2] Gebrezghi makes only a general motion for judgment of acquittal.  He does not now challenge venue, nor did he challenge venue before or during trial.  So any potential venue challenge is waived.  *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) ("If a venue challenge is not apparent before trial, a defendant must bring a claim of improper venue to the district court's attention at the close of the United States' evidence."); *United States v. Carbajal*, 290 F.3d 277, 288-89 n. 19 (5th Cir. 2002) (citing *United States v. Carreon–Palacio*, 267 F.3d 381, 391-92 (5th Cir. 2001)) (noting a defendant waives his right to contest venue on appeal when his motion for acquittal fails to put the court and the United States on notice of a venue challenge).  Because of the general nature of the motion, the Court addresses only the sufficiency of the evidence supporting the convictions.

**Legal Standard**

A Rule 29 motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)) (applying FED. R. CIV. P. 29). It requires the district court weigh all evidence in the government's favor, drawing all reasonable inferences supporting the verdict, to decide if a reasonable jury could find the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994). The Court does not reweigh evidence or assess witness credibility—which are both "solely within the province of the jury." *United States v. Smith*, 739 F.3d 843, 845 (5th Cir. 2014) (quoting *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992)). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (citing *United States v. Faulkner*, 17 F.3d 745, 768 (5th Cir. 1994)).

**The Firearms Seizure**

A September 26, 2023 traffic stop in Union County, Mississippi, led to Gebrezghi's most recent federal firearms prosecution. He was driving a California-plated Toyota 4Runner his sister had rented him. After pulling Gebrezghi over, Mississippi Highway Patrol Officers smelled marijuana inside the SUV. This prompted a broader search during which officers heard a rattle in the 4Runner's doors and noticed the windows struggled rolling down.

Inside the door panels and rear hatch, officers found thirteen firearms. A roadside criminal record check revealed Gebrezghi had previously been convicted of federal firearms trafficking in California. He also had a prior conviction for being a felon in possession of a firearm. Gebrezghi

2

told the officers he was returning to California from a quick trip to North Carolina. He denied knowledge of the guns. A grand jury indicted Gebrezghi for violating three firearms-related criminal statutes.

**Firearms Convictions**

## I.    Count One – Felon in Possession of a Firearm

Count One charged Gebrezghi with violating 18 U.S.C. § 922(g)(1). This statute prohibits felons from possessing firearms.

The elements of this charge were somewhat-recently modified in *Rehaif v. United States*, 588 U.S. 225 (2019). In that case, the Supreme Court required proof of a previously unrequired element—the defendant's knowledge of his prohibited status. So now there are four elements to firearm offenses proscribed under § 922(g)(1)—(1) a status element, (2) a possession element, (3) a jurisdictional element, and (4) a firearm element. *Id.* at 230. And to sustain a conviction, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 237.

### A.    *Knowledge of His Prohibited Status*

Here, the government's evidence on each element was not just sufficient—it was overwhelming. As to Gebrezghi's prohibited status, the Court admitted a certified copy of a judgment from the Northern District of California. It confirmed that in 2011 he had been federally convicted of both firearm trafficking and being a felon in possession of a firearm. And just before he was caught with this baker's dozen of firearms in Mississippi, Gebrezghi's text communications established he was finishing up supervision on those Northern District of California felonies.

B.       *Knowing Possession*

Possession of a firearm may be actual or constructive.  *United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005).  To prove Gebrezghi's actual possession of the guns, the government had to demonstrate he exercised direct physical control over them.  *United States v. Jones*, 484 F.3d 783, 787 (5th Cir. 2007).  But to prove constructive possession, the government need only show he exercised dominion or control over the firearms or the area where they were discovered.  *Id.*

Gebrezghi denied knowledge of the firearms stashed inside all five doors of the rented California SUV he was driving.  But his cell phone contained a photo of these same thirteen firearms, which he had texted to a customer.  So the jury saw photographic evidence he had exercised direct control over the charged guns.  Still, at a minimum, the government proved his dominion and control over the Toyota his sister rented him—evidence the jury considered along with 404(b) evidence of his prior federal firearm convictions and officer testimony about his past sale of an Uzi 9mm.[3]  The Court admitted these past acts to prove his knowledge, intent, and method of operation.  So Gebrezghi's *knowing* possession was sufficiently proved.

C.       *Interstate Commerce Nexus and Firearms*

The "in or affecting commerce" element can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce. *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993). And here expert testimony established all firearms were manufactured outside Mississippi and functioned as designed.  So both the interstate commerce and the firearm element were sufficiently met.

A reasonable juror could have found Count One was sufficiently proved.

---

[3] The Court admitted 404(b) evidence that Gebrezghi had previously sold an Uzi 9mm—wrapped in dark cloth, just like these guns were—to a confidential source in California.

**II.      Count Two – Traveling with Intent to Unlawfully Deal Firearms**

Count Two charged Gebrezghi with interstate travel to unlawfully deal in firearms, in violation of 18 U.S.C. § 924(n).

That statute provides enhanced penalties for persons who (1) intend to violate 18 U.S.C. § 922(a)(1)(A), and (2) travel from one state to another to acquire, or attempt to acquire, firearms. Section 922(a)(1)(A) criminalizes dealing in firearms without a license.  The government must prove the defendant (1) engaged in the business of dealing in firearms, (2) lacked a federal license, and (3) acted willfully.[4]  18 U.S.C. § 922(a)(1)(A).

*A.      Interstate Travel*

Gebrezghi lived in California but was caught with guns in Union County, Mississippi. Gebrezghi told a Highway Patrolman he was returning to California from North Carolina.  And video of the roadside search showed the five doors of Gebrezghi's rented California SUV were stuffed with firearms.  So this element was sufficiently proved.

*B.      Business of Dealing Firearms*

Engaging in the business of dealing in firearms necessitates a greater degree of activity than the occasional sale of a hobbyist.  *United States v. Wilmoth*, 636 F.2d 123, 125 (5th Cir. 1981). But the government need not prove a defendant's primary business is dealing in firearms or that he made a profit.  *Id.* Instead, the statute broadly covers those who hold themselves out as a firearms source.  *Id.*  And it is enough if a defendant has guns on hand or is ready and able to procure and sell them occasionally to possible customers.  *United States v. Carter*, 801 F.2d 78, 82 (2d Cir. 1986) (citing *United States v. Berry*, 644 F.2d 1034, 1037 (5th Cir.1981)).

---

[4] To prove a defendant who dealt in firearms without a license acted willfully, the government must prove the defendant knew his or her conduct was unlawful. *Bryan v. United States*, 524 U.S. 184, 195-196 (1998). But the government need not prove the defendant was aware of a federal licensing requirement. *Id.* at 196.

Gebrezghi was caught with guns on hand. And in addition to the weapons inside the SUV, text messages showed he was trading guns for drugs. He intended to resell firearms—or "toys" as he put it—upon his return to California. Evidence of several of his recent similar cross-country trips to acquire firearms was also admitted. So were messages between Grebrezghi and various customers inquiring about guns. Thus, sufficient evidence supports the jury's finding that he was certainly no hobbyist.

### C. Licensure and Willfulness

ATF Special Agent Braden Theobald testified that Gebrezghi was not a licensed firearms dealer. Further, Gebrezghi was a felon. And his secreting the firearms in the SUV's doors and wrapping them in dark cloth—a method he had used years earlier when his sale of an Uzi 9mm led to a previous federal firearm conviction—could have certainly been considered by the jury as evidence he knew his conduct was unlawful.

There was sufficient evidence for a reasonable jury to convict him of Count Two.

### III. Count Three – Unlawful Receipt of a Firearm/Firearm Trafficking

Count Three charged Gebrezghi with unlawful receipt of a firearm. This offense is criminalized under 18 U.S.C. § 933's broad prohibition against firearm trafficking.

### A. The Charge and Proposed Instruction

The plain language of Section 933(a)(2) makes it unlawful for any person to "receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony[.]" 18 U.S.C § 933(a)(2).

When drafting Count Three, instead of laying out the statute's words as codified, the government moved around some of 933(a)(2)'s statutory language. It charged that Gebrezghi

6

knowingly received "from another person, in or affecting interstate commerce, one or more firearms listed in Count One . . . ." This drafting did not affect the sufficiency of the count, which still contained all the required elements, informed Gebrezghi of the charge, and sufficiently enabled him to plead jeopardy if ever necessary.[5]

But what it did, when considered with the government's proposed instruction G-3—which addressed section 933(a)(2)'s necessary elements—was concern the Court that G-3 as proposed, might confuse the jury. Particularly, the Court was concerned with the second element of G-3, which stated:

| | |
|---|---|
| First: | That the defendant knowingly received from another person a firearm, as charged; |
| **Second:** | ***That the receipt was in or otherwise affecting interstate commerce;*** and |
| Third: | That the defendant knew or had reasonable cause to believe the receipt of the firearm would constitute a felony. |

(Emphasis added).

As the Court saw it, it was the firearm's movement that drove whether the receipt affects commerce. Further, the Court worried that under G-3, as proposed, the jury might conclude the defendant, himself, or the transferor, had to engage in interstate travel to receive or transfer the guns. When requested, the government could not locate precedent handling the interstate commerce element in the way it proposed, only in the manner this Court had suggested. So when instructing the jury on the elements of Count Three, the Court modified the second one.

---

[5] The test is not whether the indictment could have been framed better, but whether it conforms to minimal constitutional standards. *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984). An indictment is sufficient if it contains the elements of the charged offense, informs the defendant of the charges, and enables him to plead acquittal or conviction to bar future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

In doing so, the Court recognized that for well over a year Gebrezghi had lived with the way the government had drafted Count Three. So, in a nod to lenity, and to cover both potential bases, the Court required the government prove both—"That the receipt of the firearm and the firearm itself were in or affecting interstate commerce." Because there was no precedent about the nexus element, Gebrezghi and the government agreed to this protective lagniappe, which inured to the defendant a ramped burden on the government's part, while assuring the firearm's interstate movement in commerce must be proved. The government sufficiently proved both, though the only required nexus under 933(a)(2), as discussed below, is that the firearm previously crossed state lines at some point before receipt.

### B. *What is Really Required in a 933(a)(2) Case?*

Before addressing the government's evidence, a short discussion about Section 933(a)(2) is necessary. The statute makes it unlawful to "receive from another person any firearm in or otherwise affecting interstate or foreign commerce." 18 U.S.C. § 933(a)(2). From this plain language, it is the firearm that must move in commerce, not recipients like Gebrezghi. This is further supported by Section 933(a)(2)'s similarity to 18 U.S.C. 922(g)(1)—the statute which makes it unlawful for any prohibited person to "possess in or affecting commerce, any firearm." Courts interpreting Section 922(g)(1) have not required the firearm's possession occur in more than one state. Rather, "so long as the *firearm* crossed state lines at any point prior to the defendant's possession of the gun, his possession is 'in or affecting commerce.'" *United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005) (emphasis added). And the Court finds the same is true here. Under Section 933(a)(2), the focus similarly is on the firearm, which must move in commerce, not the recipient.

Thus, to prove a violation of 933(a)(2), the government must prove (1) the defendant, knowing he is a prohibited person, (2) received a firearm, (3) which had previously crossed state lines. [6]

### C.    The Government's Proof

At trial, a few of Gebrezghi's felony convictions were admitted. So were his cellular messages about his recent release from supervision. Thus, there was sufficient evidence he knew of his prohibited status. Evidence of Gebrezghi's interstate travel from California to North Carolina to receive guns was also highlighted. Though his state-to-state trek was relevant to Count Two, it was not necessary to sustain 933(a)(2)'s interstate commerce nexus. But what was necessary, relevant, and sufficiently proven was that the thirteen seized firearms had moved in commerce before they were received and ultimately seized from Gebrezghi's rented Toyota.

The Court finds sufficient evidence supports his conviction on Count Three.

### Conclusion

Defendant's Motion for Judgment of Acquittal [104] is **DENIED**.

Defendant Yohannes Tekie Gebrezghi shall be sentenced on October 22, 2026, at 11:00 AM in Oxford Courtroom 3 West.

**SO ORDERED**, this the 13th day of August 2026.

 /s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[6] *See also Scarborough v. United States*, 431 U.S. 563, 564 (1977) (finding proof that the possessed firearm previously traveled in interstate commerce satisfies the statutorily required nexus between the possession of a firearm by a convicted felon and commerce); *United States v. Strukov*, No. 3:23-CR-000127-4, 2024 WL 1468975, at *8 (M.D. Tenn. Apr. 4, 2024) ("[T]o commit a violation of § 933(a)(2), a person who knows himself to be a prohibited person need only acquire a firearm from any source.").

9